

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KTF:KPO
F. #2024V00004

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 25, 2024

By ECF
The Honorable William F. Kuntz II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Darryl Tyler
                Docket No. 1:01-CR-922 (WFK)

Dear Judge Kuntz:

      The United States respectfully submits this letter in response to the Court's Order, dated December 21, 2023, directing the government to respond to the Defendant Darryl Tyler's pro se motion dated December 6, 2023 (the "Motion" or "Mot."). See United States v. Tyler, No. 01-CR-922, Docket Entry ("DKT.") 611. Although styled as a compassionate release motion, Tyler actually seeks relief in connection with a consecutive sentence imposed by the United States District Court for the District of Arkansas relating to his illegal possession of contraband while in federal prison in Arkansas. Thus, as discussed further below, the Motion is not properly before this Court because the defendant is not in custody in the Eastern District of New York. This Court should deny defendant's request on this threshold issue.

    I.    Background

        A.  Initial Proceedings in the Eastern District of New York

      On August 12, 2002, following a five-week jury trial, a jury in the Eastern District of New York convicted the defendant of Counts One, Two, Three, and Eight of the superseding indictment. Count One charged him with racketeering in violation of 18 U.S.C. § 1962(c), and the defendant was found guilty of the following predicate acts: (1) conspiring with others to distribute and to possess with intent to distribute cocaine base ("crack") and cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1); (2) conspiring with others to cause the death of members of a rival gang in violation of sections 125.25 and 105.15 of the New York Penal Law; and (3) the murder of a rival gang member, in violation of sections 125.25(1) and 20.00 of the New York Penal Law. Count Two charged the defendant and other enterprise members with conspiracy to conduct and participate in the conduct of the affairs of the criminal enterprise through the above-mentioned racketeering acts in violation of 18 U.S.C. § 1962(d). Count Three charged Tyler and

other co-conspirators with conspiracy to murder members of a rival gang in violation of 18 U.S.C. § 1959(a)(5). Count Eight charged that defendant and others with conspiracy to distribute and to possess with intent to distribute crack and cocaine in violation of 18 U.S.C. §§ 846, 84l(a)(l) and 84l(b)(l)(A). See DKT. 110.

The Honorable Jack B. Weinstein initially sentenced the defendant to life imprisonment. However, following an appeal and remand by the Second Circuit for "further proceedings in conformity" with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), Judge Weinstein sentenced the defendant to 30 years' imprisonment. He is currently incarcerated at FCI Forrest City in Forrest City, Arkansas, within the Eastern District of Arkansas.

### B. Previous Compassionate Release Proceedings

On May 8, 2020, the defendant filed a motion seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). See DKT. 565. Following a response in opposition to the defendant's motion by the government, this Court denied the defendant's motion for compassionate release or a reduction in his sentence. See DKT. 585.

### C. Conviction for Possession of Contraband in Prison Facility

On October 22, 2018, the defendant was charged by information in the Eastern District of Arkansas for possessing a contraband cellular phone while in prison, in violation of 18 U.S.C. § 1791(a)(2). See United States v. Tyler, 18-CR-586, DKT. 1. The defendant subsequently pled guilty and was sentenced to 2 months' imprisonment to run consecutive to his existing sentence. See id. 5-6. As a result of the initial sentence as well as the violation of 18 U.S.C. § 1791 for contraband, the defendant is scheduled to be released from the Bureau of Prisons' ("BOP") custody on November 7, 2027.

## II. Defendant's Present Motion

Although the defendant styles his Motion as a motion for retroactive application of the sentencing guidelines or compassionate release, in substance, he seeks this Court's review of the sentence imposed by the Honorable Jerome T. Kearney, Magistrate Judge, United States District Court for the Eastern District of Arkansas and the administration of that sentence by the BOP. See Mot. at 1-3. Specifically, the defendant seeks to challenge the BOP's administrative actions which result in internal records reflecting a single aggregated term, instead of two consecutive terms. See Mot. at 3.

## III. Discussion

### A. The Court Lacks Jurisdiction to Decide the Motion

This Court does not have jurisdiction to evaluate the defendant's motion as he is not incarcerated within the Eastern District. District courts may grant "[w]rits of habeas corpus .

2

. . within their respective jurisdictions," 28 U.S.C. § 2241(a), which "limits the power of a district court to hear and determine a prisoner's petition for habeas corpus to those situations where the prisoner both is physically present in the court's territorial jurisdiction and is detained or held in custody within that jurisdiction," United States ex rel. Rudick v. Laird, 412 F. 2d 16, 20 (2d Cir. 1969); see also Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (underscoring that "the court issuing the writ [must] have jurisdiction over the custodian"); Betancourt v. United States, 2020 WL 7321376, at *1 (E.D.N.Y. Dec. 11, 2020) ("[A] petition [under § 2241] should be filed in the judicial district where the petitioner is incarcerated, because a court cannot issue a writ of habeas corpus without having jurisdiction over the custodian of the petitioner."); Jabarah v. Garcia, 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010) ("The proper venue to bring a § 2241 challenge is the district of confinement."). As noted above, the defendant is presently housed at FCI Forrest City, which is located in the Eastern District of Arkansas. Accordingly, the motion is not properly filed in the Eastern District of New York. To file this motion appropriately, the defendant must file it within the Eastern District of Arkansas. As this Court lacks jurisdiction, the defendant's motion must be denied.

      B.   This Court Already Denied the Defendant's Prior Compassionate Release Motion and No Facts Have Changed

As noted above, the defendant previously filed a request seeking compassionate release which this Court denied. See DKT. 565 and 585, respectively. The defendant has presented no additional facts changing the analysis of his request for compassionate release. Even if the defendant in fact asserted a basis for compassionate release (he did not) and this therefore Court had jurisdiction to hear the claim (it does not), the Court must deny this second attempt at compassionate release applying the same reasoning as before. However, the Court need not consider the substantive motion since it does not have jurisdiction over the claim the defendant is asserting. The motion must be denied.

   IV.    Conclusion

The United States, therefore, respectfully requests that the Court deny the motion.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/
       Katherine P. Onyshko
       Assistant U.S. Attorney
       (718) 254-6177

cc:    Clerk of the Court (via ECF)
       Defendant Darryl Tyler (via certified mail)